NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| CARLOS SANTOS-CANAS;<br>MARIA ELENA RAMOS, | ) )<br>) | No. 08-71600 |
| | ) | Agency Nos. A072-399-491 |
| Petitioners, | ) | A075-582-693 |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| ERIC H. HOLDER Jr., Attorney<br>General, | ) )<br>) | |
| | ) | |
| Respondent. | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2012<sup>**</sup>
San Francisco, California

Before:    FERNANDEZ and BERZON, Circuit Judges, and SMITH,<sup>***</sup>
District Judge.

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<sup>**</sup>The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

<sup>***</sup>The Honorable William E. Smith, United States District Judge for the District of Rhode Island, sitting by designation.

Carlos Santos-Canas and his spouse, Maria Elena Ramos,[1] natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' denial of their applications for asylum.[2] We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. When an asylum claim is

[1]Ramos's application for asylum was derivative of Santos's and rises or falls with the latter's. See 8 U.S.C. § 1153(d). Thus, we will not refer to her separately hereafter.

[2]8 U.S.C. § 1158. We note that Santos also applied for withholding of removal and for relief under the Convention Against Torture. See 8 U.S.C. §1231(b)(3) (withholding); United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18. However, Santos does not appeal the denial of those forms of relief.

involved, an alien must show either past persecution or a well-founded fear of future persecution that is "subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Santos cannot meet his heavy burden. All of his claims on appeal are premised on his assertion that he was subjected to past persecution. However, we have reviewed the record and are satisfied that the BIA's decision was supported by substantial evidence.[3] For example, while guerrillas did seek Santos and did make some threats, he was never personally confronted by them, and the threats themselves were vague. See Canales-Vargas v. Gonzales, 441 F.3d 739, 744 (9th Cir. 2006); Nahrvani, 399 F.3d at 1153–54; Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000). Moreover, the activities of the guerrillas may simply have been attempts to recruit him into their ranks. See Elias-Zacarias, 502 U.S. at 482–83, 112 S. Ct. at 816. In short, the evidence does not compel a determination that he was persecuted by the guerrillas on political grounds or otherwise.

Petition DENIED.

---

[3]In fact, the Immigration Judge's decision was the final agency decision. See 8 C.F.R. § 1003.1; Zara v. Ashcroft, 383 F.3d 927, 930–31 (9th Cir. 2004); see also Nahrvani v. Gonzales, 399 F.3d 1148, 1151 (9th Cir. 2005); Falcon Carriche v. Ashcroft, 350 F.3d 845, 855 (9th Cir. 2003).